FILED
SUPERIOR COURT
OF GUAM

2024 JAN 18 PM 4: 26

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                         Plaintiff,<br><br>       vs.<br><br>**LYNDA SABLAN TAITAGUE**<br>aka Olympia Sablan Taisacan aka Oli Taisacan aka Olmpia Sablan Oly aka Olympia Sablan Taisagan aka Oly Taisacan aka Lynda Taitague aka Oli Taisacan aka Jane Doe,<br>DOB: 09/13/1978 or 08/03/1978 or 05/08/1978 or 08/08/1978<br><br>                      Defendant. | Criminal Case No. CF0177-14<br>GPD Report No.: 13-16876<br><br><br>**DECISION AND ORDER**<br>(Revocation of Probation) |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on July 17, 2023, for a Revocation Hearing. Assistant Public Defender Stephen Hattori appeared for Olympia Sablan Taisacan ("Defendant"). Assistant Attorney General Grant Olan appeared for the People of Guam ("People"). Having considered the parties' briefs, oral arguments, and the applicable law,

## BACKGROUND

On April 10, 2014, Defendant was indicted in CF0177-14 for Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). Indictment, April 10, 2014.

On January 4, 2019, Defendant pled guilty to: Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). Plea Agreement, January 4, 2019. Defendant was sentenced to three years of incarceration with credit for time served and placed on supervised probation for a period of five years with conditions after his release. *Id.* at 2. The conditions of Defendant's probation included:

- Defendant shall serve 150 hours of community service. *Id* at 4.

- Defendant shall attend two (2) recovery support group meetings per week for twelve (12) weeks after taking of Defendant's plea, for a total of 24 meetings, or as otherwise ordered by the Court. *Id* at 2.

- Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by Court after assessment at Guam Behavioral Health and Wellness Center and diligently report within seventy-two (72) hours from either Defendant's release from the Department of Corrections of Defendant's guilty plea, whichever is later. *Id.*

- Defendant shall report to Probation Services three times per week or as ordered by the Court. *Id.*

- Defendant shall not possess or consume any alcohol or illegal controlled substances. *Id.* at 3.

- Defendant shall obey all local and federal laws. *Id* at 5.

• Defendant was required to pay a fine of $5,000, plus court costs. *Id.*

Subsequently, Adult Probation Services ("Probation") filed seven violations against the Defendant for probation violations post-Plea Agreement. The following violations were filed:

1. On February 6, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office three (3) times a week to the Probation Office every Monday, Wednesday, and Friday, and as instructed. Probation records reflect that she last reported on January 7, 2019. She failed to report on January 9 and 11 and for the weeks of January 15-18, January 21-25, January 28-February 1, and February 4-6.

2. On March 25, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office three (3) times a week to the Probation Office every Monday, Wednesday, and Friday, and as instructed. Probation records reflect that she last reported on February 2019. She has failed to report the entire month of February 2019 and for the weeks of March 4-8, 11-15, and 18-22.

3. On August 12, 2019, Probation filed a violation against the Defendant for failure to report three (3) times a week to the Probation Office for the entire months of March, April, May, June, and July 2019, as well as August 2,5, and 7. Defendant failed to complete treatment as ordered by the Court and recommended by Oasis. The probationer was recommended to engage in Level I outpatient treatment at Oasis and failed to do so. Finally, Defendant failed to attend and submit attendance to two sober support meetings a week, with a total of twenty-four (24) meetings to attend.

4. On August 23, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week on the following dates: August 14, 16, 19, 21, and 23, 2019.

5. On September 19, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week on the following dates: September 3, 4, 6, 9, 11, 13, 16, 18, 2019. Probationer failed to return to Oasis to re-engage in treatment. At the hearing on August 26, 2019, the Court ordered that the Probationer return to Oasis to get back into treatment and as of September 19, 2019, Oasis had no record of her reporting to their facility.

6. On September 19, 2019, Probation filed a violation against the Defendant for failure to refrain from ingesting/consuming illegal controlled substances. On August 26, 2019, the probationer was ordered by the Court to submit to a drug test at the Probation Office after Court, which yielded presumptive positive results for methamphetamines. The probationer denied using any illegal drugs and her urine sample was sent for off-island confirmatory testing. On December 19, 2019, the Probation Office received confirmed results that the probationer's urine was positive for methamphetamine.

7. On October 30, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week on the following dates: September 20, 23, 25, 27, 30, 2019; October 2, 4, 7, 9, 11, 14, 16, 18, 21, 23, 25, 28, 2019. The Court issued a bench warrant based on the 5th and 6th violation report filed. On October 28, 2019, the probationer was arrested by the Guam Police Department for

Possession of a Schedule II Controlled Substance, Littering, and Destroying Evidence. She was booked and released, and a Notice to Appear for October 19, 2022 was issued.

8. On November 13, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week, and to report in person on November 12, 2019 by 9:00 AM.

9. On October 30, 2020, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week. Probationer last reported by phone on July 24, 2020.

10. On December 15, 2021, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week. Probationer last reported by phone on November 11, 2021. Probationer failed to attend treatment with Oasis Empowerment Center, failed to make payments to Urinalysis confirmation fees of $240.00, and failed to attend and complete 24 recovery support group meetings.

11. On May 18, 2022, Probation filed a violation against the Defendant for failure to report once a week by phone and once a month in person. Probationer last reported by phone on April 5, 2022.

12. On June 27, 2022, Probation filed a violation against the Defendant for failure to refrain from ingesting/consuming illegal controlled substances. On June 14, 2022, the probationer was ordered by the Court to submit to a drug test at the Probation Office after Court, which yielded presumptive positive results for methamphetamines. The probationer denied using any illegal drugs and her urine sample was sent for off-island confirmatory testing. On June 23, 2022, the Probation Office received confirmed results

that the probationer's urine was positive for methamphetamine. Probationer failed to report to the Probation Office, in person, three times a week, last reporting on June 14, 2022.

Additionally, bench warrants were issued on February 14, 2020, December 29, 2021, and August 18, 2022. People's Motion to Revoke Probation, April 6, 2023. A Petition for Warrant or Summons for Offender Under Supervision stated the Defendant had failed to refrain from using illegal controlled substances and failure to report to the Probation Office. *Id.*

The case was reassigned to the Honorable Alberto E. Tolentino on December 22, 2021. Notice of Judge Assignment, December 22, 2021. The People then filed a Motion to Revoke Defendant's Probation and Impose Jail Sentence on April 6, 2023. Defendant filed an Opposition to the Government's Motion to Revoke on April 25, 2023.

**DISCUSSION**

Title 9 G.C.A. § 80.66(a)(2) provides "[a]t any time before the discharge of the offender or the termination of the period of suspension or probation . . . the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public." When a court revokes probation, it is empowered to sentence the defendant to any sentence that it may have originally imposed. 9 G.C.A § 80.66(b). The

decision to revoke probation is discretionary, and there is no bright-line rule for when revocation is appropriate. *United States v. Gallo*, 20 F.3d 7, 14–15 (1st Cir. 1994).

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. The Supreme Court of Guam reasoned that while probation "implicates a liberty interest," the probationer is not entitled to the "full panoply of due process rights due to other criminal defendants." *Id.* Probationers facing potential revocation are entitled to: "(1) notice of claimed violations; (2) [an] opportunity to hear and present evidence; (3) the conditioned right to confront adverse witnesses; (4) an independent decision maker; and (5) a written report of the hearing." *Id.* Probation revocation is a two-step process. The first step is to "make a factual determination that a violation of a condition of probation has actually occurred." *Id.* at 27. If the violation is proven, the second step is for the Court to ". . . determine if the violation warrants revocation of probation." *Id.*

### A. Defendant violated her conditions of probation.

The standard for determining whether a probationer violated a condition of their probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *Id.* at ¶ 30. The Court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.*

After reviewing the violations filed by Probation at the Revocation Hearing, the Court finds that Defendant has inexcusably violated multiple conditions of her probation on several occasions.

### B. Whether Defendant's violation of Probation warrants revocation.

The Supreme Court of the United States has stated that regarding probation revocation, "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (1983) (internal citations and quotations omitted).

A probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. *See Camacho*, 2009 Guam 6 ¶ 31. In *Camacho*, the Supreme Court of Guam held that a probationer's violation of his probation conditions was serious enough to warrant revocation where the probationer failed to report for drug tests and where the defendant failed to pay a fine. *Id.* The Supreme Court of Guam reasoned that because the defendant was convicted of drug-related offenses, the purpose of the testing probation condition was to ensure the defendant remained sober. *Id.* The Supreme Court of Guam also acknowledged that failure to pay a fine alone was not as serious as the failure to report for drug tests. *Id.*

Defendant entered into the Plea Agreement in 2019 but has failed to make substantial progress towards completing her probation conditions. If Defendant were to benefit from

probation, she would have made greater progress towards completing her treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Defendant frequently fails to report to Probation and has been the subject of three bench warrants and a Petition for Warrant or Summons. Of even greater concern to the Court is the Defendant's inability to seek treatment and provide positive test results; despite her denial, Defendant is still ingesting methamphetamine three years after entering the plea agreement. Such actions demonstrate that Defendant will not benefit from probation and should be remanded into custody.

The theory of treatment conditions include: aiding rehabilitation and averting recidivism. Treatment provides the prospect of a better quality of life and a capability of sobriety, both of which would ease Defendant back into society. However, Defendant's absence from reports frustrates the purpose of seeking recovery. Defendant was granted the opportunity, time, and support to comply with her conditions. Yet, Defendant deliberately avoids doing so.

Although Defendant's probationary period has not expired, she has made little progress on her probation conditions and has tested positive for methamphetamine twice during the probation period. Accordingly, it is in Defendant's best interest for the Court to revoke probation.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's request to revoke Defendant's probation. Defendant's probation is hereby revoked and Defendant is sentenced to three (3) years of imprisonment at the Department of Corrections, Mangilao, with credit for time served.

The Court orders the other terms of Defendant's Plea Agreement and Judgement of Conviction waived.

SO ORDERED, *Nunc Pro Tunc* to May 11, 2023, this _____ day of **JAN 1 8 2024** , 2024.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_____

Date: 1/18/24 Time: 4:30

Deputy Clerk, Superior Court of Guam